628 A.2d 914

**The CITY OF HARRISBURG, individually and on behalf of all other similarly situated Local Taxing Authorities within the Commonwealth of Pennsylvania, Petitioner,**

**v.**

**Eileen Healy McNULTY, Secretary of the Department of Revenue, Commonwealth of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 31, 1993.

Decided July 6, 1993.

594

William R. Balaban, for petitioner.

R. Douglas Sherman, for respondent.

Before CRAIG, President Judge, and DOYLE, PALLADINO, McGINLEY, SMITH, PELLEGRINI and FRIEDMAN, JJ.

CRAIG, President Judge.

The petitioner, the City of Harrisburg, has filed a motion for partial judgment on the pleadings for the narrow purpose of declaring an administrative regulation invalid.

The city filed a class action on behalf of itself and all other similarly situated local tax authorities as defined by the Public Utility Realty Tax Act, Act of March 4, 1971, P.L. 6, No. 2, art. XI-A, §§ 1101–A—1108–A, *added by*, Act of July 4, 1979, P.L. 60, *as amended*, 72 P.S. §§ 8101–A—8108–A, against the

Secretary of the Department of Revenue, seeking declaratory judgment and mandamus. That complaint asks this court to declare invalid a regulation the department promulgated and seeks, by a separate mandamus count, to compel the Secretary to distribute money to which the city asserts it is entitled, but which the department allegedly has distributed tardily or not at all.

In its motion for partial judgment on the pleadings, seeking only a declaratory judgment stamping the regulation as invalid, the city asserts that the regulation at issue denies standing to local taxing authorities to challenge, by way of a statutory or administrative claim, the department's distribution of utility tax receipts. The city argues that the regulation is unconstitutional under the Pennsylvania Constitution, because it denies local tax authorities legal redress "as the Legislature may by law direct" (Pa. Constitution, Art. I, § 11)—namely, as the legislature has directed under section 702 of the Administrative Agency Law (AAL), 2 Pa.C.S. § 702, which provides parties aggrieved by an adjudication of a Commonwealth agency with a right of appeal.

The regulation at issue provides as follows:

§ 159.1. General

.     .     .     .     .

(b) Right to contest audit or distribution by Department. Affected public utilities and *local taxing authorities have no statutory or administrative right to contest the audit or the distribution by the Department.* (Emphasis added.)

(c) Correctness of annual reports. Annual reports submitted to the Department by local taxing authorities are *prima facie* correct, but the *prima facie* correctness may be rebutted by evidence submitted by affected public utilities.

(d) Rights of affected public utilities. Affected public utilities have a right to assist the Department in the audit by the Department of the annual reports submitted by the local taxing authorities.

The Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7101–10004, and specifically the provisions of the Code relating to Public Utility Realty Tax, §§ 8101–A–8108–A, presumably prompted the department's adoption of the above-quoted regulation. The public utility realty tax sections of the Code provide a process by which local taxing authorities can receive a payment from the department for realty taxes public utilities pay to the department. The Supreme Court has recognized that the purpose of the Act is to benefit all local taxing authorities, not only those within whose boundaries public utility realty is located. *Southeast Delco School District v. Shapp*, 468 Pa. 475, 364 A.2d 292 (1976).

Section 8102–A(a) of the Act describes the method by which utilities must determine the tax liability they must pay to the Commonwealth treasury, through the department. Utilities are required to file a report with their payments, sworn to by the owner or responsible officer, which indicates the amount of liability and the method by which the utility determined the liability.

Section 8105–A requires local assessors of real property to assess and value all utility realty in accordance with the lawful methods local assessors use to assess other real estate. Subsection (c) provides utilities with the right to appeal assessments in the same manner as owners of other types of real estate.

Under § 8106–A(a), local taxing authorities are required to file annual reports which include (1) the name and address of utilities and their assessed values, (2) the real estate tax rate for the current fiscal year, and (3) the realty tax equivalent, defined as "the assessed value of [utility realty] multiplied by the [current fiscal year's real estate tax rate]". Taxing authorities must also indicate their total tax receipts for their last fiscal year, any adjustments to the assessed values, tax rates, realty tax equivalent or total tax receipts previously reported.

Section 8107–A describes the mathematical formula the department must use to determine the amount of distribution to each local authority. Under subsection (a), the department is directed to determine, from the authorities' filed annual report, the total of all local authorities' tax receipts and total realty tax equivalent. Subsection (b) directs that local authorities are entitled to their share of the total tax realty equivalent, which is the ratio which the tax receipts reported by a local authority bears to the total tax receipts for all local authorities.

The city has characterized the regulation at issue as affecting the city's standing to bring any action against the department, either as a matter of statutory or administrative right or by any action such as the mandamus action it has here filed in this court's original jurisdiction.

With regard to the city's assertion that the regulation is invalid because it impairs the right of appeal granted to aggrieved parties by section 701 of the AAL, we note that the AAL specifically excludes the Department of Revenue from application of that Act's provisions. Section 701 provides:

### § 701. Scope of subchapter

**(a) General rule.**—Except as provided in subsection (b), this subchapter shall apply to all Commonwealth agencies regardless of the fact that a statute expressly provides that there shall be no appeal from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review.

**(b) Exceptions.**—None of the provisions of this subchapter shall apply to:

(1) Any matter which is exempt from Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies).

Subchapter A of Chapter 5 provides as follows:

### § 501. Scope of subchapter

**(a) General rule.**—Except as provided in subsection (b), this subchapter shall apply to all Commonwealth agencies.

**(b) Exception.**—None of the provisions of this subchapter shall apply to:

(1) Proceedings before the Department of Revenue ... *involving* the original settlement, assessment or determination or resettlement, reassessment or redetermination, review or refund of taxes, interest or *payments made into the Commonwealth treasury.* (Emphasis added.)

The determination at issue here involves payments made into the Commonwealth treasury, under section 8102–A(a). Thus, subsection (b)(1) excludes from application of the AAL the departmental action at issue in this case.

Furthermore, the regulation, although arguably ambiguous, does not specifically deny the city the right to pursue a court action such as the mandamus action it has filed in this court. If the regulation provided that taxing authorities have no right to bring any form of legal action against the department, the city would be correct in asserting that the regulation is unconstitutional. However, our conclusion is that the regulation merely recognizes the fact that the legislature elected not to provide local taxing authorities with an *administrative* remedy or *statutory* appeal. Moreover, the department, at page 10 of its brief, agrees that its regulation does not affect the city's right to bring an action in this court's original jurisdiction, including the mandamus action presently before this court.

The legislature's decision not to provide an administrative or statutory remedy appears to have a reasonable basis in light of the fact that the Act provides a mathematical formula for determining the amount of distribution to which a local taxing authority is entitled. An authority's assessment of the utility's property forms part of the basis for determining distribution amounts. The legislature reasonably provided that utilities could challenge an assessment in the same manner as that provided by law for appeals from assessment of real estate.

The data an authority provides in its annual report also serves as the basis for determining distribution, specifically

the authority's real estate tax rate, realty tax equivalent and total tax receipts for the applicable fiscal year. Under 61 Pa.Code § 159.1(c), quoted above, the data an authority submits in its annual report is presumed to be correct.

Thus, with regard to the pivotal amounts used in determining the distribution amount, an authority has no need for an administrative remedy, because the quantitative data used is that which an authority provides in its annual report, which is presumed to be correct. The department's sole function with regard to distribution is therefore a purely ministerial one, and hence, the appropriateness of the legislature's decision not to provide an administrative or statutory remedy, to challenge the department's alleged failure to comply with its duty to distribute, is clear.

Accordingly, we deny the city's motion for partial judgment on the pleadings in that the regulation does not preclude the city or other local taxing authorities from pursuing an action in this court's original jurisdiction seeking to compel the department to perform its statutory responsibilities; we therefore conclude that the regulation is not invalid or unconstitutional as claimed by the city, because it merely reflects the legislative decision not to provide an administrative remedy to local taxing authorities seeking timely and proper distribution of collected utility real estate taxes.

## ORDER

NOW, July 6, 1993, the Motion for Partial Judgment on the Pleadings, filed by the City of Harrisburg, is denied in that this court concludes that the regulation promulgated by the department at 61 Pa.Code § 159.1(b) is not invalid or unconstitutional as claimed by the city, and that the city may pursue its mandamus action in this court's original jurisdiction seeking to compel the department to perform its statutory obligations under the Public Utility Realty Tax Act.

PALLADINO, J., concurs in the result only.